## BROWN v. ROGERS.

1. REFERENCE—MASTER—EXCEPTIONS.—A second report filed by a referee in an accounting on a suplemental matter, not in dispute, is not merged in the first so as to permit filing exceptions to the first within ten days after notice of filing of the second report.

2. IBID.—IBID.—IBID.—ATTORNEYS—RULE C. C. 14.—Marking case "heard" on calendar by Judge, is not an agreement in writing not to require exceptions to referee's report to be filed within ten days. Nor a memorandum of such agreement noted by Judge with consent of attorneys in open court under Rule 14.

3. IBID.—IBID.—IBID.—DISCRETION.—A CIRCUIT JUDGE has the power under Code of Proc., 195, in his discretion to permit filing exceptions to referee's report after expiration of ten days from notice of filing.

Before GARY, J., Florence, June, 1903. Reversed.

Action by M. M. Brown against S. D. Rogers and J. F. Stackley. From judgment for plaintiff, defendant, Rogers, appeals.

*Messrs. Willcox & Willcox* and *George Galletly,* for appellant, cite: *First report is merged into second, and filing exceptions within ten days from notice of filing of second is sufficient:* 43 S. C., 103; 1 DeS. Eq., 350; 46 S. C., 499. *In this case formal exceptions within ten days is not required:* Code of Proc., 293, subs. 2, 294; 20 S. C., 295; 12 S. C., 54; 11 S. C., 445; 67 S. C., 211; 50 S. C., 405; 3 DeS., 584; 1 Hill Ch., 185. *Court should have considered appellant's motion to be permitted to file exceptions under 195 of Code:* 14 S. C., 428; 19 S. C., 579; Code of Proc., 195, 348, 349.

*Mr. W. F. Clayton,* contra, cites: *Court has no power to grant additional time to file exceptions:* Rule 30, C. C.; Code of Proc., 294, 290, 344, 345; 45 S. C., 52, 262; 43 S. C., 103.

April 22, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action was brought by the plaintiff, M. M. Brown, to obtain an accounting for the assets of a business partnership of which he and the defendant, S. D. Rogers, were members.   The cause was referred to a referee "to take and state an account between the several parties to this action."   On March 6, 1903, the referee filed a report, showing a balance due by the defendant, Rogers, to the plaintiff of $2,137.13, without interest, the question of interest being specifically mentioned as one to be thereafter decided by the Court.   On March 6th, notice of this report was duly served on defendant's attorney.   On March 14th, a supplemental report was filed in which the referee reported that the sum of fifty dollars should be added to the amount found against Rogers on account of his failure to pay to Brown a sum collected by him, which at the reference he had agreed to turn over to Brown immediately.

The "Case" contains the following statement as to the progress of the cause: "At the winter term (on the 28th day of March, 1903), of the Court of Common Pleas for Flo-

rence County, the presiding Judge, Hon. Geo. W. Gage, by the consent of the attorneys for plaintiff and defendants, marked this cause 'heard,' and in open court, in the presence of the attorneys, so entered the same on the calendar of the Court. Argument was to be made later. On April 21st, at Kingstree, Judge Gage passed an order setting down the argument for Sumter, S. C., on such day and hour as the Court may notify counsel to appear. On account of the fatigue of the term at Sumter, the Circuit Judge did not notify counsel of a date for hearing argument, but at Chester, S. C., on the 5th June, 1903, he being then temporarily indisposed, passed an order remanding the cause back to Florence for a hearing before any Circuit Judge that may succeed him in the Third Circuit. * * *

"On the 10th day of June, 1903, at the summer term of said Court, Judge Ernest Gary presiding, and the return in the appeal from the order of Judge Gage of the 5th June, being then on file in the Supreme Court, this cause was called. The defendants' attorneys interposed an objection to proceeding with the trial of the cause on the ground that an appeal was pending from the order of Judge Gage, and the return having been filed in the Supreme Court, the Circuit Court was without jurisdiction to proceed with the case. The Circuit Judge overruled the objection and ordered the cause to proceed.

"The plaintiff's attorneys then moved for an order confirming the report of the referee and for judgment, on the ground that no exceptions had been served within ten days from notice of the filing of the same. The defendants' attorneys resisted this motion *inter alia* on substantially the following grounds:

"I. The exceptions to the report of the referee, dated 6th March, 1903, were not served within ten days from the notice of the same pursuant to an agreement made with counsel for plaintiff before the expiration of such time that the same may be served later.      ·  .

"II. That marking the case 'heard' in open court by Judge

· Gage, in the presence of the attorneys, and the written entry
so made by the Judge on the docket, was sufficient writing to
take the case out of the rule of Court against verbal agree-
ments, and was a waiver of the service, not being within ten
days.

"III. That exceptions to the items in the account filed by
the referee need not be filed or served within ten days, but
can be made at the hearing before the Court.

"IV. That the plaintiff's attorneys having admitted by
affidavit before the Court that they had agreed to extend
time to serve exceptions, but only differed with defendants'
attorneys as to the length of time of the extension, takes the
case without the rule of Court as to verbal agreements, and
left the Court to ascertain the facts from the evidence before
it.

"V. That the supplemental report filed on the 14th March,
1903, being a part of the report of the referee, the report
dates from that day, and as no notice of filing the same was
ever served, defendants' exceptions were within time and
were properly before the Court. * * *

"The Court ruled that the exceptions, not having been
served within ten days from the 6th March, the same were
not properly before it.

"The defendants' attorneys then, in open court, objected
to the items in the itemized statement of the referee's report,
as set forth in detail in the exceptions or objections served
on plaintiff's attorneys on 28th May, 1903, and asked the
Court to pass on the correctness and validity of the same
from the testimony, books and records taken by the referee
and then before the Court.   This the Court refused to do.

"The defendants' attorneys then moved the Court, in the
exercise of its discretion and in the interest of the further-
ance of justice, that they be permitted to then file and serve
exceptions or objections to the report of the referee.   This
the Court refused, on the ground that it had no power to
extend the time to file exceptions to master's report, the same
not having been served within ten days from notice of filing

same, and that it had no power to now permit the said act to be done."

Affidavits from counsel on both sides were submitted, giving their respective versions of the unfortunate contro-versy. The Court then made a decree in favor of the plain-tiff for $2,137.13, confirming the first report.

No notice was served of the filing of the second report. But it was merely supplemental, covering a minor matter not embraced in the first report, and which, it seems, was not in dispute between the parties. It merely added a small sum to the liability reported in favor of the plaintiff, which he was at liberty to disregard altogether and have the first report alone confirmed. The first report was, therefore, not merged in the second. In addition to this, the exceptions related exclusively to the findings of the first report, and it was, therefore, impossible to connect them with the second report. It follows that the exceptions were not filed within the time prescribed by the statute.

The marking of the case "heard" by the Circuit Judge on the calendar in open court, was not an agreement in writing not to require the exceptions to be filed within ten days, nor was it a memorandum of such an agreement noted by the presiding Judge, with the consent in open court of the plaintiff's attorney, under Rule 14 of the Circuit Court.

If the case had been actually heard and plaintiff's counsel had argued it on the merits without reference to the delay in serving the exceptions, he would be held to have waived that point. When, however, the case was merely marked "heard," it is obvious this gave the plaintiff a right in the subsequent argument contemplated to be heard on that question, as well as on the merits.

Even if it be assumed, as contended by counsel for the defendants, that the report in this case had the effect of a special verdict, the law furnishes no ground for holding that the statute requiring exceptions to be filed within ten days does not apply to such a report. The exceptions to the

rulings of the Circuit Judge on the points above discussed are overruled.

After the Circuit Judge had announced his conclusion that the exceptions had not been taken in time, the attorneys for the defendants asked the Court, in the exercise of its discretion, to allow the exceptions to be then filed. The Circuit Judge held that he had no power to extend the time. We think this was error. Section 195 of the Code of Procedure provides: "The Court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, *or other act to be done,* after the time limited by this Code of Procedure. * * *" The filing of exceptions is an act to be done within a time limited by the Code of Procedure, and there is no ground upon which it can be held to be an exception not falling under the broad terms of the law. It is true, in *Verner* v. *Perry,* 45 S. C., 262, it is said the "appellant was obliged in law to make his exception in ten days," but the power of a Circuit Judge to exercise a discretion to allow the exceptions to be filed after ten days was not passed on, for the Court continues: "But suppose, under section 195 of the Code of Civil Procedure, it is within the discretion of the Circuit Judge, he has not exercised such discretion." Even if it could be considered that the last paragraph of Rule XXX. of the Circuit Court relating to "references other than for the trial of issues in an action" is applicable to the reference ordered in this case, the rule would have to yield to the plain and unequivocal terms of the statute.

Notice of appeal from the Circuit Court to the Supreme Court in this respect stands on a different footing. Section 195 does not apply to such notice for the reason that section 348 forbids the extension of the time for giving notice of appeal from the Circuit Court to the Supreme Court.

The judgment of this Court is, that the cause be remanded to the Circuit Court, with leave to the defendants to renew their motion to be allowed to file their exceptions, under section 195 of the Code of Procedure.

Mr. Justice Gary *did not sit in this case because of ill-ness.*