6974

## ODOM v. NEWTON.

Referee—Exceptions.—The Circuit Court may, in its discretion, excuse default in filing exceptions to referee's report for inadvertence or mistake under Section 195, of Code, and permit exceptions thereto to be filed after expiration of ten days from notice of filing and after time agreed upon by attorneys for filing.

Before Dantzler, J., Marlboro, January, 1908. Affirmed.

Action by Sarius M. Odom, executor of Lucy Ellen Odom, against R. L. Newton and T. M. Newton, executors of Younger S. Newton and Mary Frances Terry. From order permitting plaintiff to file exceptions to referee's report out of time, defendants appeal.

*Messrs. Newton & Owens,* for appellant, cite: 50 S. C., 403; 53 S. C., 231; 36 S. C., 578; 71 S. C., 512.

*Messrs. Livingston & Muller,* contra, cite: 71 S. C., 512, 76 S. C., 566.

July 25, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The referee filed his report in this case on January 19, 1907, and notice of said filing was served by the attorneys for defendants upon plaintiff's attorney on June 29, 1907. On July 1, 1907, an agreement was made between counsel, extending the time for serving exceptions by either side until August 1, 1907. There was no attempt made to serve exceptions until eighth November, 1907, when plaintiff's counsel delivered to defendants' counsel exceptions to said report, which the latter refused to receive because not filed in time. On the day following defendants' counsel moved to confirm the referee's report, and plaintiff's counsel moved to file and serve exceptions thereto on the ground of mistake, inadvertence and excusable neglect, stating as matter of excuse that it had not been the rule of practice of the members of the Marlboro bar to hold each other up to time or strict practice. The only question made by defendant's counsel was as to the power of the Court to permit exceptions to the referee's report after the expiration of the ten days from notice of filing. Judge Dantzler held that he had the power, and upon consideration granted leave to plaintiff's counsel to file exceptions within ten days from written notice of the filing of his order. From this order defendants appeal, contending

that the Court had no power to grant the order, and that, if he did, he abused his discretion in granting the order on the showing made.

That the Court has discretionary power under section 195 of the Code of Procedure to permit filing of exceptions to referee's report after the expiration of ten days from notice of filing has been determined in *Brown* v. *Rogers,* 71 S. C., 512, 51 S. E., 257, and in *Exchange Bank* v. *McMillan,* 76 S. C., 566, 57 S. E., 630.   The plaintiff's counsel, no doubt, satisfied the Circuit Judge that his neglect to file exceptions in time was excusable under the circumstances, and we cannot say the Court abused its discretion in granting the order.

The judgment of the Circuit Court is affirmed.